**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION AT COVINGTON**

| | |
|---|---|
| **MUKESH FNU,** | **CASE NO. 2:26-CV-247-KKC** |
| **Petitioner,** | |
| **v.** | **OPINION and ORDER** |
| **WARDEN OF KENTON COUNTY DETENTION CENTER, et al,** | |
| **Respondents.** | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Petitioner Mukesh Fnu's Petition for Writ of Habeas Corpus (R. 1). For the following reasons, the Court will deny the Petition.

## I.  FACTUAL BACKGROUND

Fnu is an Indian citizen. (R. 1 ¶ 2.) He lawfully entered the United States with a visitor's visa on October 5, 2018. (*Id.*) Fnu was authorized to remain in the United States for a temporary period not to exceed April 4, 2019. (R. 6-1 at 1.) Fnu thereafter filed an application for protection through asylum with the United States Citizenship and Immigration Services. (R. 1 ¶ 31.) He was placed in § 1229a removal proceedings for further review of his application, and later received lawful employment authorization. (*Id.* ¶ 32–34.)

In 2021, Fnu was arrested and convicted in Ohio for having an open container and for operating a vehicle while impaired. (*Id.* ¶ 35.) Fnu was arrested again in April 2026 while driving a commercial vehicle. (*Id.* ¶ 36.) An I-200 warrant was issued for his arrest; he was then taken into custody and is being detained under the Immigration and Nationality ACT ("INA") § 236 (8 U.S.C. § 1226). (R. 6 at 2.) Fnu received a custody redetermination hearing under 8 C.F.R. § 1236 on April 17, 2026. (*Id.* at 3.) The Immigration Judge denied bond,

finding that Fnu is a danger and flight risk. (*Id.*) Although Fnu reserved the ability to appeal, it does not appear that he did so. (*Id.*) Fnu currently has a hearing scheduled in August. (*Id.*)

On June 4, 2026, Fnu filed the instant petition in this Court. (R. 1.) Arguing that his bond hearing was a sham, and that he was arrested without probable cause or a valid warrant in violation of the Fourth Amendment, Fnu seeks his immediate release from custody, or, in the alternative, requests a "Constitutionally and statutorily adequate bond hearing before neutral arbiter." (R. 1 ¶ 1, 87.)

## II. ANALYSIS

Fnu alleges that his present detention violates the INA, deprives him of the rights afforded by the Due Process Clause of the Fifth Amendment, and that his arrest was unlawful in violation of the Fourth Amendment. (*Id.* ¶¶ 20, 81. 87.)

### A. The Writ of Habeas Corpus

At its core, the writ of habeas corpus provides "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). And this relief is available to "every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). A district court may grant a writ of habeas corpus to any person who shows that she is detained within the Court's jurisdiction in violation of the Constitution or the laws and treaties of the United States. 28 U.S.C. § 2241(c)(3). In making such a showing, "the petitioner 'has the burden of establishing his right to federal habeas relief and of proving all facts necessary to show a constitutional violation.'" *Caver v. Straub*, 349 F.3d 340, 351 (6th Cir. 2003) (quoting *Romine v. Head*, 253 F.3d 1349, 1357 (11th Cir. 2001)). The Supreme Court has recognized that habeas relief extends to noncitizens. *See Rasul v. Bush*, 542 U.S. 466, 483 (2004) ("[Alien] Petitioners contend that they are being held in federal custody in

2

violation of the laws of the United States . . . Section 2241, by its terms, requires nothing more.").

### B. Fnu is Detained Under 8 U.S.C. § 1226(a)

8 U.S.C. § 1226 authorizes the government to arrest and detain an alien pending a decision on whether the alien is to be removed from the United States. Under this provision, the government "may continue to detain the arrested alien" or may release them on bond/conditional parole. § 1226(a)(1), (2). The Parties concede that this provision controls. The Court likewise finds that Fnu is subject to the discretionary detention provisions of § 1226.

### C. Jurisdiction

Because § 1226 applies, Fnu is subject to § 1226(e). Subsection (e) provides that, "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." Although the text of the statute refers to the Attorney General, Congress has empowered the Secretary of Homeland Security to enforce the INA. *See, e.g.*, *Nielsen v. Preap*, 586 U.S. 392, 398 n.2 (2019) (citations omitted).

The Government argues that this Court lacks jurisdiction under § 1226(e) to review the Immigration Judge's (IJ) discretionary decision. (R. 6 at 4.) Fnu argues that the IJ "did not state any reason for the finding or consider any of the evidence submitted . . . ." (R. 1 ¶ 6.) He also states that the IJ "did not allow Petitioner to testify concerning the circumstances of the arrest," particularly as to the "passage of time," or "regarding rehabilitation." (*Id.* ¶ 7.)

These arguments reflect Fnu's attempt to change the IJ's decision. The Sixth Circuit has found such arguments improper under § 1226(e). *Trejo v. Bullock*, No. 26-5186, 2026 U.S. App. LEXIS 14050, at *5 (6th Cir. May 14, 2026) ("To the extent [petitioner] challenges

the "IJ's total disregard for overwhelming [ ] evidence that rendered a flight-risk finding irrational," such arguments challenging the merits of the IJ's decision and the IJ's exercise of discretion fall outside our jurisdictional reach."); *see also Guiracocha v. Noem,* No. CV 26-62-DLB, 2026 U.S. Dist. LEXIS 45124, at *9 (E.D. Ky. Mar. 5, 2026) (court cannot review argument "IJ erred in weighing the evidence" as that "raises quintessentially factual arguments about the IJ's decision"). Accordingly, to the extent that Fnu asks this Court to overturn the merits of the IJ's decision, his request is denied.

However, this Court can review whether the bond hearing itself satisfied the Fifth Amendment's guarantee of procedural due process. In making that assessment, we ask whether the IJ's bond hearing was "a real one, not a sham or a pretense." *Palko v. Connecticut*, 302 U.S. 319, 327 (1937), *overruled on other grounds by Benton v. Maryland*, 395 U.S. 784 (1969). A "real" hearing—in the sense "required by the Due Process Clause— must be 'meaningful' and 'appropriate to the nature of the case.'" *Bell v. Burson*, 402 U.S. 535, 541-42 (1971) (citations omitted). In the setting of pre-removal bond, a meaningful hearing must involve consideration of the alien's risk of flight and danger to property or persons. *Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021); 8 CFR § 1236.1(c)(8).

Substantive due process protects "only 'those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition.'" *Dept of State v. Muñoz*, 602 U.S. 899, 910 (2024) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720-21 (1997)). Individuals unlawfully present in the United States possess due process rights, but those rights are not co-extensive with the due process rights of citizens and exist within the bounds set by rule and statute as "the through line of history is recognition of the Government's sovereign authority to set the terms governing the admission and exclusion of noncitizens." *Id*. at 911–12.

4

To this end, Fnu argues that the IJ who presided over his bond hearing did not give adequate and neutral consideration. (R. 1 at ¶ 84.) He cites numerous articles and DOJ policies that he argues creates a pre-determined outcome for IJs to deny bond. (*See* R. 1 at 7.) His argument is that the Executive Office of Immigration Review ("EIOR") and the Department of Justice ("DOJ") have conditioned ongoing employment with EOIR on adherence to agency policy and have terminated any judges who do not comply. (*Id.* ¶ 9.) Thus, because the directives from the agencies compel IJs to deny bond, Fnu argues that this is a "sham system." (*Id.* ¶ 10.)

The evidence does not support a finding that the bond hearing was a sham. A review of the hearing transcript provided by Fnu indicates that the IJ did consider the evidence. Fnu's counsel was able to present evidence, and the record reflects that the IJ asked both sides numerous questions throughout the hearing. (*See, e.g.,* R. 1-2 at 2, 3, 4.) In making his decision, the IJ found that Fnu was a danger because of his serious past offenses, Fnu's occupation as a commercial truck driver, and the IJ's view that "all DUI offenses are serious." Further, the IJ based his ruling on the "totality of the circumstances" in determining that he is a danger to others. (*Id.* at 24.)

Based on this evidence, Fnu does not raise a substantial question as to whether he had a meaningful opportunity to present his case and respond to the government's argument, notwithstanding his assertion that the outcome of the hearing was predetermined, and that there is a collective effort by the executive branch in these kinds of cases to pressure IJs to deny bond. In this case, the IJ's questioning was meaningful and his findings were appropriate to the nature of the case. *Trejo v. Bullock*, No. 26-5186, 2026 U.S. App. LEXIS 14050, at *5 (6th Cir. May 14, 2026).

Additionally, Fnu fails to clearly connect his broad claim that immigration judges are generally biased, based on statistical evidence and online articles, to the specific

circumstances of his case. Because he has presented no evidence that the IJ presiding over his bond hearing was biased, his arguments have no basis. This Court has reached the same conclusion in a similar recent case. *See Rodriguez v. Fields,* No. CV 26-117-DLB, 2026 U.S Dist. LEXIS 121154, at *7–8 (E.D. Ky. June 2, 2026) ("Even accepting that [the IJ] denies bond at a higher rate than most IJs, the Court is unable to conclude that these denials resulted from a bias against petitioners, rather than the facts at play in each case.").

Fnu's argument that he was arrested pursuant to an invalid warrant also fails. It is not entirely clear whether Fnu is asserting a separate Fourth Amendment claim or whether he is merely arguing that the absence of a proper warrant resulting in his arrest is one factor demonstrating the unreasonableness of his continued detention. In his petition, Fnu appears to assert his Fourth Amendment argument as a stand-alone claim, asking the Court to declare that his warrantless arrest violated the Fourth Amendment. (R. 1 at 17.)

To the extent Fnu is asserting an independent Fourth Amendment claim, district courts within the Sixth Circuit have often held that combining "habeas corpus and other civil claims to proceed together in one case" is not permitted. *Ruiz v. Olson*, Civil Action No. 4:26-cv-51-RGJ, 2026 U.S. Dist. LEXIS 35027, at *34 (W.D. Ky. Feb. 20, 2026) (collecting cases). This is because "[a] § 2241 petition is not the appropriate vehicle to challenge the circumstances of an arrest because a party 'may not pursue a civil rights action in a *habeas* petition.'" *Mbulih v. Immigration & Customs Enf't*, No. 4:26-CV-00530, 2026 U.S. Dist. LEXIS 112610, at *4 (N.D. Ohio May 21, 2026) (quoting *McElroy v. Leonbruno*, No. 1:23 CV 203, 2023 U.S. Dist. LEXIS 90236, at *2 (N.D. Ohio May 23, 2023)); *Naresh v. Klinger*, No. 2:19-CV-12800, 2019 U.S. Dist. LEXIS 207726 at *3 (E.D. Mich. Dec. 3, 2019) ( "the way to seek relief for [an unlawful arrest] claim is to file a separate civil rights action pursuant to 42 U.S.C. § 1983 . . ."); *see also Alonso-Portillo v. Bondi*, No. 1:25-CV-306, 2025 U.S. Dist. LEXIS 167908, at *11 (S.D. Ohio Aug. 28, 2025) (holding that alleged Fourth

6

Amendment violations did not provide basis for alien's immediate release from custody). Accordingly, the Court need not address the substantive issue of whether Fnu's Fourth Amendment rights were violated because even if they were, he is not entitled to habeas relief on that basis.

### III. CONCLUSION

For the Aforementioned reasons, the Court hereby ORDERS that Mukesh Fnu's Petition for writ of habeas corpus under 28 U.S.C. § 2241 (R. 1) is DENIED.

This 3rd day of August, 2026.

**Signed By:**

*__Karen K. Caldwell__*  KKC

**United States District Judge**